H. L. C. PEARSON *v.* J. M. DOUGLASS.

1. REDEMPTION. *Tender. Money need not be actually produced. When.* Complainant, with sufficient money, went to defendant to redeem his property, but was prevented by his refusal to receive it, and his denial that complainant then had any right to redeem. Under these circumstances it was not necessary to the validity of the offer to redeem, that the money should have been actually produced.

Cases cited: 2 Green. Ev., Sec. 603.

2. SAME. *Mistake as to time.* Complainant desired further time of defendant for redemption of his property, but was refused, when defendant told complainant, by mistake, that his time of redemption expired on a certain day—subsequent, in fact, to the proper time, and agreed he might redeem on or before that day.

*Held,* That defendant should have received the money tendered by complainant at the appointed time, and that the right of redemption existed up to and inclusive of the day designated by defendant.

---

FROM PUTNAM.

---

Appeal from the Chancery Court. B. M. TILLMAN, Chancellor.

DILLARD & SWOPE for Pearson.

DENTON for Douglass.

DEADERICK, Judge, delivered the opinion of the Court.

Defendant bought the land of complainant at execution sale, on Monday, April 1, 1867.

H. L. C. Pearson *v.* J. M. Douglass.

Previous to the expiration of two years from date of sale, complainant sent Phy, to whom he had conditionally sold the land, to obtain further time to redeem.

Defendant refused to give further time, and stated that the time would expire on the first Monday in April, 1869, and the payment on or before that day would be received.

Phy and complainant, with money sufficient to redeem, went to defendant on Friday before the first Monday of the month, being the 2d day of April, 1869, and proposed to redeem the land, and defendant refused to allow the redemption because the two years allowed by law had expired the day before. Douglass obtained a deed from the Sheriff, and brought an action of ejectment in the Circuit Court to recover the land. Complainant thereupon filed the bill in this case, in the Chancery Court at Cookville, to enjoin the prosecution of the action of ejectment to enforce his right to redeem the land.

The Chancellor gave the relief prayed for, and defendant has appealed to this Court.

Douglass himself believed that the time of redemption did not expire until the first Monday in April, and so informed complainant, and upon this supposition agreed that complainant might redeem on or before that day. While he said he would not agree that complainant should redeem after the time of redemption had expired, he gave him to understand that the time would not expire until the first Monday in April.

Complainant relied upon the promise of defendant to

H. L. C. Pearson *v.* J. M. Douglass.

accept the money, if offered before the first Monday in April, and proves by himself and Phy that they could have paid it, and would have done so on the 1st day of April, if they had not been led to believe by the promises and statements of defendant that he would receive it on or before the first Monday of April.

They had the money on Friday, and went to pay it, but were prevented by the refusal of defendant to receive it, and his denial that complainant then had any right to redeem. Under these circumstances it was not necessary to the validity of the offer to redeem that the money should have been actually produced. 2 Green. Ev., Sec. 603.

We are of opinion that complainant was prevented from redeeming the land in time, by defendant's agreeing to receive the redemption money on or before the first Monday in April, 1869, and that he was entitled to the right of redemption up to and including said last-named day, and that he is, under his bill, entitled to have the relief prayed, upon the payment of the amount due defendant, with interest till the 2d day of April, 1869—and tendered with his bill.

The costs of this Court will be paid by defendant, and of the Chancery Court as adjudged by the Chancellor.